UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLEG NOSOV,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES;<br>JOSEPH B. EDLOW, USCIS Director,<br><br>　　　　　　　　　　Defendants. | Case No.:  25cv2249-LL-BLM<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

　　　　Before the Court is Plaintiff Oleg Nosov's, proceeding pro se, motion for leave to proceed in forma pauperis ("IFP"). ECF No. 2.

　　　　All parties instituting any civil action, suit, or proceeding in district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if they are granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "All

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP.

1

persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Off.*, 657 F.3d 890, 892 (9th Cir. 2011). A plaintiff seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1126, 1234 (9th Cir. 2015) (internal citation omitted). "An affidavit in support of an IFP application is sufficient where it alleges that an affiant cannot pay the court costs and still afford the necessities of life." *Id.* While the IFP statute does not itself define what constitute insufficient assets, a party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Having read and considered Plaintiff's application, the Court finds that Plaintiff meets the requirements for IFP status under 28 U.S.C. § 1915. Plaintiff's expenses of rent and food exceed his income, and his modest savings is less than half of one month's income. ECF No. 2. Under these circumstances the Court finds Plaintiff unable to pay the Court's filing fees without impairing his ability to provide himself the necessities of life. *See Adkins*, 335 U.S. at 339. Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.

The Clerk shall issue a summons and mail it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant, a certified copy of Plaintiff's complaint, and a certified copy of this order. Plaintiff must complete the Form 285 and return it to the U.S. Marshal according to the instructions provided by the Clerk with the form. Thereafter, the U.S. Marshal shall serve a copy of the complaint, summons, and this order upon Defendants as directed by Plaintiff on his Form 285.

**IT IS SO ORDERED**.

Dated: September 8, 2025

Honorable Linda Lopez
United States District Judge